## THE JOHN CADWALADER.
### No. 101.

District Court, E. D. Pennsylvania.
April 10, 1930.

On Reargument April 24, 1930.

J. W. Henderson, of Philadelphia, Pa., for libelant.

Lewis, Adler & Laws, of Philadelphia, Pa., for respondent.

DICKINSON, District Judge.

The rule on the admiralty side of this court provides that, when a stipulation has been filed in a case in rem, "an order for a writ of restitution shall be entered of course," "but notwithstanding such restitution an order of the Court may be made at any time for further or better security on cause shown, etc., and such order may be enforced by attachment." A practice, which so far as we are informed is general, has grown up, under which, in rem cases, there is no actual seizure made, but the proctors for the claimant, on being advised of the filing of a libel, accept service and enter into the required stipulation. In such cases there is no need for the issuance of a writ of restitution, because there is nothing to which such writ could apply. It may happen of course, either in the case of the issuance of a writ of restitution or without it, under the practice referred to, that the libelant discovers that the sum mentioned in the stipulation is inadequate to give the security to

which the libelant has a right. It is to meet such a situation that Rule 18, above quoted, was adopted. A distinction is recognized in some jurisdictions between cases of the actual issuance of writs of restitution and cases in which, under the practice, such writs are dispensed with. The rule of this court, however, is broad enough to cover both classes of cases. It none the less, however, remains true that the filing of a stipulation in a required sum is a purchase of the freedom of the vessel. Ordinarily that freedom should thereafter be undisturbed. It is further true that there may be real need for the operation of a rule such as Rule 18, and, where the court inadvertently or otherwise mistakenly has fixed the sum named in the stipulation, the libelant should not thereby be a sufferer, and a mistake will be corrected by requiring "further or better security." When, however, a party names the sum himself there should, in the language of the rule, be "cause shown" before additional security will be required.

A libelant, as any other plaintiff, should be granted leave to amend his libel whenever, in his judgment, he has occasion to so do and the rights of the respondent are not affected. We are not prepared to hold, however, that a change in the sum stipulated for the release of the vessel from attachment process should be made simply because the libelant is of changed mind respecting the sum of his damages. Something more than this is required. The very word "stipulation" carries with it the thought that there has been agreement upon the sum. In the case at bar we have nothing beyond the fact statement of a change in the estimate which the libelant has made of his damages. This, as before stated, we think is insufficient to give him the benefit of Rule 18.

The motion for further or better security is denied, but the libelant has leave to amend his libel.

### On Motion for Reargument.

Our attention has been called to a mistake in the fact upon which the case was ruled. This mistake in itself affords a good illustration of the application of the rule for "further or better security." The rule does not apply in cases in which there is a mere change in the estimate of the sum of the damage. There must, as the rule itself phrases it, be "cause shown" for the order increasing the sum of the security. This means a change not merely in the estimate of the damage done, but that the estimate first made was based upon a mistaken state of facts against which the libelant should be relieved. This case was ruled upon the assumed fact that there was here nothing more than what we have called a change in the estimate of the damage suffered. We learn that the estimate of the damage originally made was based upon a mutual mistake in the state of the facts.

We accordingly revoke the order made, and a form of order increasing the sum of the stipulation to $56,000 may be submitted.